UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DIANA LUCENTI,

                Plaintiff,

        -v-

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ANSWER**

Civil Action No.
19-cv-6185

(DRH)(ARL)

        Defendant, UNITED STATES OF AMERICA, by its attorney RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, Megan J. Freismuth, Assistant United States Attorney, of counsel, as and for its Answer to the Complaint, responds to the numbered paragraphs upon information and belief as follows:

        1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

        2.     Defendant denies the allegations contained in paragraph 2 of the Complaint; except avers that the United States Department of Veterans' Affairs, the relevant government agency involved herein, is an agency of the United States.

        3.     Paragraph 3 sets forth Plaintiff's characterization of the statutory basis for her claim, to which no response is required. To the extent paragraph 3 of the Complaint sets forth allegations of material fact, Defendant denies.

        4.     Defendant denies the allegations contained in paragraph 4 of the Complaint.

        5.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint; except admits that an

administrative claim filed by or on behalf of the Plaintiff to the Department of Veterans' Affairs was dated February 19, 2019.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint; except admits that the Department of Veterans' Affairs sent Plaintiff correspondence stating that it had received the administrative claim on or about May 1, 2019.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 8 sets forth allegations of material fact, Defendant denies.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 9 sets forth allegations of material fact, Defendant admits that Defendant United States of America is the only proper party to an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 et seq. ("FTCA"); and avers that the United States Department of Veterans' Affairs is the relevant government agency involved herein.

10. Paragraph 10 sets forth legal conclusions to which no response is required; to the extent paragraph 10 sets forth allegations of material fact, Defendant denies.

11. Paragraph 11 sets forth legal conclusions to which no response is required; to the extent paragraph 11 sets forth allegations of material fact, Defendant denies.

12. Paragraph 12 sets forth legal conclusions to which no response is required; to the extent paragraph 12 sets forth allegations of material fact, Defendant denies.

13. Paragraph 13 sets forth legal conclusions to which no response is required; to the extent paragraph 13 sets forth allegations of material fact, Defendant denies.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint; except admits that the United States Department of Veterans' Affairs, an agency of the United States, owns the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint; except admits that the United States Department of Veterans' Affairs, an agency of the United States, operates the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint; except admits that the United States Department of Veterans' Affairs, an agency of the United States, manages the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint; except admits that the United States Department of Veterans' Affairs, an agency of the United States, maintains the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint; except admits that the United States Department of Veterans' Affairs, an agency of the United States, controls the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint; except admits that Plaintiff Diana Lucenti was a patient of the United States Department of Veterans' Affairs, at the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint; except admits that Plaintiff Diana Lucenti was a patient of the United States Department of Veterans' Affairs, at the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint; except admits that Plaintiff Diana Lucenti was a patient of the United States Department of Veterans' Affairs, at the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint; except admits that Plaintiff Diana Lucenti was a patient of the United States Department of Veterans' Affairs, at the Northport VA Medical Center, located at 179 Middleville Road, Northport, New York 11768.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Defendant admits the allegations set forth in paragraph 29 of the Complaint.

30. Defendant admits the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff "was led to believe" set forth in paragraph 37 of the Complaint; Defendant denies the remaining allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant repeats, reiterates, and re-alleges each and every response to the allegations set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. Paragraph 44 sets forth legal conclusions to which no response is required; to the extent paragraph 44 sets forth allegations of material fact, Defendant denies.

45. Paragraph 45 sets forth amount of damages sought by Plaintiff to which no response is required; to the extent paragraph 45 sets forth allegations of material fact, Defendant

denies.

The last unnumbered "WHEREFORE" paragraph of the Complaint merely constitutes Plaintiff's prayer for relief to which no response is required. To the extent that this paragraph sets forth allegations of material fact, Defendant denies each and every such allegation.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et. seq*.

### THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the amount of damages specified in the administrative claim pursuant to 28 U.S.C. § 2675(b).

### FOURTH DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

### FIFTH DEFENSE

The United States has met the applicable standard of care and breached no duty of care owed to Plaintiff.

### SIXTH DEFENSE

Plaintiff gave informed consent for any treatment and procedures rendered to her by Defendant after having said treatment and procedures explained to her, including the benefits, risks, and side effects of such treatment and procedures.

**SEVENTH DEFENSE**

No acts or omissions by the United States were the cause in fact or proximate cause of any injury or damage sustained by Plaintiff.

**EIGHTH DEFENSE**

The alleged injuries to Plaintiff were caused solely by her own acts, or by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability.

**NINTH DEFENSE**

Plaintiff failed to mitigate her damages, if any.

**TENTH DEFENSE**

In the event a judgment is recovered against the United States, said judgment must be reduced, pursuant to N.Y. C.P.L.R. § 4545 and any other applicable New York State law, by the amounts that Plaintiff has been, or will be with reasonable certainty, reimbursed or indemnified by any collateral source.

**ELEVENTH DEFENSE**

If Plaintiff is entitled to recover against the United States by reason of the matters of negligence alleged in the Complaint, which the United States denies, then Plaintiff was comparatively negligent, and any recovery by Plaintiff must be diminished in proportion to her negligence, in accordance with N.Y. C.P.L.R. § 1411.

**TWELFTH DEFENSE**

The liability of the United States, if any, with respect to any claim by Plaintiff for non-economic loss is subject to the limitations set forth in N.Y. C.P.L.R. § 1600 *et seq.*, to an

equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

### THIRTEENTH DEFENSE

Trial by jury is not permitted for any and all of Plaintiff's claims against the United States. *See* 28 U.S.C. §§ 2402, 1346; *see also Birnbaum v. United States*, 588 F.2d 319 (2d Cir. 1978).

WHEREFORE, Defendant demands that this Court dismiss the Plaintiff's Complaint, grant Defendant its costs and expenses for the defense of this action, and grant Defendant any such other and further relief as this Court may deem just and proper.

Dated: Central Islip, New York
      April 2, 2020

                          RICHARD P. DONOGHUE
                          United States Attorney
                          Eastern District of New York
                          Attorney for Defendant
                          610 Federal Plaza, 5th Floor
                          Central Islip, NY 11722-4454

BY:    s/ Megan J. Freismuth
                          Megan J. Freismuth
                          Assistant United States Attorney
                          631.715.7905
                          megan.freismuth@usdoj.gov

To:   **Via ECF**
        Charles Silverstein, Esq.